## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN P. NEBLETT, as Chapter 7   :    Nos.   4:15-cv-01622
Trustee of VALLEY FORGE        :           4:15-cv-01731
COMPOSITE TECHNOLOGIES,    :           4:15-cv-01826
INC.,                               :
                                :    (Judge Brann)
         Plaintiff,        :
                                :
      v.                  :
                                :
CLAIRMONT PACIELLO & CO.,    :
P.C., MOUNTJOY CHILTON      :
MEDLEY LLP, MICHAEL DE      :
LEON HAWTHORNE and         :
THOMPSON COBURN LLP,       :
                                :
         Defendants.       :

## ORDER

**AND NOW**, this 8th day of June, 2016, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1.     The Motion to Dismiss filed by Defendant Clairmont Paciello & Co., P.C., on September 29, 2015 and docketed as ECF No. 16 in 4:15-cv-01622 is DENIED AS MOOT in light of the Amended Complaint filed October 20, 2015.

- 1 -

2.      The Motion to Dismiss filed by Defendant Clairmont Paciello & Co., P.C., on November 9, 2015 and docketed as ECF No. 25 in 4:15-cv-01622 is DENIED.

3.      The Motion to Dismiss filed by Defendant Mountjoy Chilton Medley LLP on October 2, 2015 and docketed as ECF No. 13 in 4:15-cv-01731 is DENIED.

4.      The Motion to Dismiss filed by Defendants Thompson Coburn LLP and Michael de Leon Hawthorne on November 9, 2015 and docketed as ECF No. 10 in 4:15-cv-01826; ECF No. 22 in 4:15-cv-01731; and ECF No. 24 in 4:15-cv-1622 is DENIED.

5.      Pursuant to Federal Rule of Civil Procedure 42 and to facilitate the administration of justice by promoting judicial economy and expedition of the litigation, the above-captioned actions are consolidated for all further purposes, the Court having found that they "involve a common question of law or fact."[1]

---

[1]    See Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964) ("Rule 42(a), Federal Rules of Civil Procedure, confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of

6.      The Clerk of Court is directed to consolidate these matters to

Docket No. 4:15-cv-01622. The Clerk shall then close Docket

Nos. 4:15-cv-01731 and 4:15-cv-01826.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

justice."). <u>Close v. Calmar S. S. Corp.</u>, 44 F.R.D. 398, 410 (E.D. Pa. 1968), <u>aff'd sub nom.</u> <u>Blake v. Farrell Lines, Inc.</u>, 417 F.2d 264 (3d Cir. 1969) ("In dealing with consolidation, pursuant to Rule 42 of the Federal Rules, this Court may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.") (internal quotation marks omitted). <u>Turner v. Transportacion Maritima Mexicana S. A.</u>, 44 F.R.D. 412, 415 (E.D. Pa. 1968) ("The power of this Court to order a consolidation pursuant to Rule 42 of the Federal Rules is purely discretionary. The power is generally exercised when it is clear that consolidation will serve policies such as judicial economy and expedition of litigation.") (internal citation omitted). <u>Smithkline Beecham Corp. v. Geneva Pharm., Inc.</u>, No. 00-CV-1393, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001) ("Consolidation may by ordered on the motion of a party or <u>sua sponte</u> and in spite of the parties' opposition.").